Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 945 | **DATE** | 7/24/2003 |
| **CASE TITLE** | Sehie vs. City of Aurora | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
       ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]  For the reasons set forth on the attached order, the Court denies defendant's motion to dismiss. Defendant is directed to answer the complaint within ten days of this order. The case is set for a status hearing on 8/29/03 at 9:30 a.m. for the purpose of setting a discovery schedule and discussing the possibility of settlement. Counsel are directed to confer regarding these subjects prior to the date of the status hearing.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | JUL 28 2003 | |
| | Notified counsel by telephone. | | date docketed | 11 |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | JUL 28 2003 | |
| OR | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

KARI SEHIE, )
)
Plaintiff, )
)
vs. ) Case No. 03 C 945
)
CITY OF AURORA, )
)
Defendant. )

**MEMORANDUM OPINION AND ORDER**

DOCKETED
JUL 2 8 2003

MATTHEW F. KENNELLY, District Judge:

Kari Sehie has sued her employer, the City of Aurora, for violation of the Fair Labor Standards Act. The FLSA provides that an employee who works more than forty hours in a week must be compensated for the excess hours at a rate no less than one and one-half times the employee's normal pay rate. 29 U.S.C. § 207. The City has moved to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted. For the reasons stated below, the Court denies the City's motion.

For purposes of this motion, we take as true the allegations in Sehie's complaint, which we summarize as follows. Sehie works for the City as a dispatcher – a "Telecommunications Operator I" in official lingo. On December 14, 2000, she began a health-related absence from work. Seven days later, the City's Human Resources Risk Manager, Alex Alexandrou, scheduled Sehie for a fitness for duty evaluation with Dr. Steven Stanard to determine if she was able to return to work. After conducting his evaluation, Dr. Stanard advised the City that Sehie was fit to return to work but that she should undergo weekly counseling with Dr. Maria Nucci, a clinical psychologist, for six months.

In mid-January 2001, the City's Human Resources Director, Deborah Porter, informed Sehie that she had to attend counseling sessions with Dr. Nucci in order to maintain her employment with the City. Sehie alleges that in late January, Porter advised her that she would be compensated for the time and cost of scheduling, attending, and traveling to and from the sessions with Dr. Nucci.

Sehie attended weekly counseling sessions for six months during non-working hours during weeks when she worked forty or more hours on regular duty. She alleges that despite Porter's earlier promise, she was not compensated for the time spent scheduling, attending, and traveling to and from the sessions. She alleges that this violated the FLSA.

The general rule is that compensation is required under the FLSA "for all time spent in 'physical or mental exertion (whether burdensome or not) controlled or required by the employer and pursued necessarily and primarily for the benefit of the employer of his business.'" 29 C.F.R. § 785.7 (quoting *Tennessee Coal, Iron & Railroad Co. v. Muscoda Local No. 123*, 321 U. S. 590, 598 (1944)). The counseling sessions at issue arguably fit within this definition; they were required by the City, presumably for its own benefit – i.e., to ensure that Sehie could perform her work duties properly.

The City argues, however, that Sehie's claim is barred by a regulation of the United States Department of Labor, the agency charged with administering the FLSA. The regulation reads as follows:

> Time spent by an employee in waiting for and receiving medical attention on the premises or at the direction of the employer during the employee's normal working hours on days when he is working constitutes hours worked.

29 C.F.R. § 785.43. Sehie's counseling sessions did not take place during her "normal working

2

hours." But the City argues that the regulation essentially defines the exclusive conditions under which time spent receiving medical attention constitutes compensable "hours worked." The Court does not agree; that is not what the regulation says. The regulation defines what *is* "hours worked," not what *is not* "hours worked." The City cites no authority suggesting that the regulation is intended to be all-encompassing in the manner it argues. Indeed, the Introductory Statement preceding the series of regulations at issue indicates that the situations described are illustrative and that "[n]o inference should be drawn from the fact that a subject or an illustration is omitted." 29 C.F.R. §785.1. And the Department of Labor, which promulgated § 785.43, regards the regulation as covering "only ... work related illnesses and injuries." *Medical Attention for Nonwork Injuries/Hours Worked,* Op. of U.S. Dept. of Labor (Jan. 26, 1996).

Moreover, the Department has issued opinion letters indicating that when an employee is required to undergo medical or psychological examinations outside of normal working hours as a condition of remaining on the job, the time associated with those examinations constitutes compensable time under the FLSA. *See, e.g., Required Physical Examinations/Hours Worked,* Op. of U.S. Dept. of Labor (Oct. 7, 1997); *Police/Hours Worked,* Op. of U.S. Dept. of Labor (Aug. 2, 1989); *Hours Worked/Medical Exams,* Op. of U.S. Dept. of Labor (Apr. 4, 1974). In one of these letters, the Department explained its reasoning as follows:

> Q.1. You seek to know whether medical or psychiatric examinations which are conducted outside of working hours and which the City's police officers are required to have are compensable under FLSA.
>
> A.1. Generally, it may be said that whenever an employer imposes special requirements or conditions that an employee must meet before commencing productive work, the time spent in fulfilling such special conditions is regarded as indispensable to the performance of the principal duty the employee is hired to perform. Included in this category are required medical or psychiatric

3

examinations. Time spent in taking such examinations is time during which the employee's freedom of movement is restricted for the purpose of serving the employer and time during which the employee is subject to the employer's direction and control. Therefore, such time spent must be counted as hours worked under FLSA.

*See Police/Hours Worked,* Op. U.S. Dept. of Labor (Aug. 2, 1989). As the agency charged with the enforcement of the FLSA, the Department of Labor's construction of the statute and governing regulations is entitled to considerable deference. *See Herman v. Fabri-Centers of America,* 308 F.3d 580, 592 (6th Cir. 2002); *Townsend v. Mercy Hospital,* 862 F.2d 1009, 1012-13 (3d Cir. 1988).

In her complaint, which as noted earlier we must take as true for purposes of the present motion, Sehie alleges that her attendance at the counseling sessions was not optional but rather was required by the City as a condition of continued employment. Section 785.43 does not apply to this situation. As this is the only basis urged by the City in support of dismissal, the motion to dismiss is denied.

## Conclusion

For the reasons stated above, the Court denies defendant's motion to dismiss. Defendant is directed to answer the complaint within ten days of this order. The case is set for a status hearing on August 29, 2003 at 9:30 a.m. for the purpose of setting a discovery schedule and discussing the possibility of settlement. Counsel are directed to confer regarding these subjects prior to the date of the status hearing.

MATTHEW F. KENNELLY
United States District Judge

Date: July 24, 2003

4